Serial: **231410**

## IN THE SUPREME COURT OF MISSISSIPPI

No. 89-R-99024-SCT

**FILED**

MAY 05 2020

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

*IN RE: JUSTICE COURT RULES*

### EN BANC ORDER

Before the en banc Court are (1) the Proposed Uniform Rules of Justice Court (Motion No. 2011-1250), filed by the Justice Court Rules Committee ("Petition I"); (2) the Petition to Repeal the Mississippi Uniform Rules of Procedure for Justice Court and to Adopt the Proposed Mississippi Uniform Rules of Justice Court as Endorsed by the Mississippi Justice Court Judges Association (Motion No. 2012-1514), filed by the Mississippi Justice Court Judges Association ("Petition II"); and (3) the Petition to Amend the Mississippi Uniform Rules of Procedure for Justice Court to Improve the Uniformity, Efficiency, and Clarity of Justice Court Procedures (Motion No. 2017-3311), filed by the Board of the Mississippi Justice Court Judges Association ("Petition III").

Petition III withdraws all prior petitions to repeal or amend the Mississippi Uniform Rules of Procedure for Justice Court. We thus find that Petitions I and II should be dismissed.

Not long after being filed, Petition III was posted for comment. Since then, the Court's Rules Committee on Civil Practice and Procedure has met numerous times to discuss amending the Mississippi Uniform Rules of Procedure for Justice Court. William A. Charlton with the Mississippi Judicial College and Justice Court Judges Melvin Ray, Wes Ryals, Clark Secoy, Jason Thornton, and Edwin Woods Jr. participated in many of those meetings and

contributed significantly. The Court expresses its sincere appreciation for those individuals' work and for the work of many others who have contributed throughout the process. Among them are Justice Court Judge Jerry Jones, former Chair of the Mississippi Justice Court Judges Association, and several Association members.

From February 14, 2020, to March 5, 2020, the Rules Committee posted revised rules for comment. Three comments were filed. Based on them, the Rules Committee made changes and re-posted the revised rules for comment from March 27, 2020, to April 13, 2020. No comments were filed.

After due consideration, we find that the Mississippi Uniform Rules of Procedure for Justice Court should be amended as set forth in the attached Exhibit A.

IT IS THEREFORE ORDERED that the Petition to Amend the Mississippi Uniform Rules of Procedure for Justice Court to Improve the Uniformity, Efficiency, and Clarity of Justice Court Procedures (Motion No. 2017-3311) is granted in part. The Mississippi Uniform Rules of Procedure for Justice Court are amended as set forth in the attached Exhibit A. The amendments shall be effective July 1, 2020.

IT IS FURTHER ORDERED that the Proposed Uniform Rules of Justice Court (Motion No. 2011-1250) and the Petition to Repeal the Mississippi Uniform Rules of Procedure for Justice Court and to Adopt the Proposed Mississippi Uniform Rules of Justice Court as Endorsed by the Mississippi Justice Court Judges Association (Motion No. 2012-1514) are dismissed.

IT IS FURTHER ORDERED that the Clerk of this Court shall spread this order upon the minutes of the Court and send a certified copy to West Publishing Company for publication in the advance sheets of *Southern Reporter, Third Series (Mississippi Edition)*, and in the next edition of the *Mississippi Rules of Court*.

SO ORDERED, this the 5 day of May, 2020.

MICHAEL K. RANDOLPH,
CHIEF JUSTICE
FOR THE COURT


ALL JUSTICES AGREE.

EXHIBIT A

# RULES OF JUSTICE COURT

GENERAL RULES

Rule 1  Scope of Rules.
Rule 2  Courtroom Decorum and Security.
Rule 3  Use of Cameras, Recording, and Broadcasting Equipment.
Rule 4  Ex Parte Communications.
Rule 5  Court Records and Docket.
Rule 6  Correction of Clerical Errors.
Rule 7  Recusal of Judges.
Rule 8  Appointment of Interpreter.
Rule 9  Jury Trials.
Rule 10  Conduct of Counsel and Parties.

CIVIL RULES

Rule 11  Form of Action.
Rule 12  Commencement of Civil Action.
Rule 13  Computation of Time.
Rule 14  Service of Process.
Rule 15  Pleadings and Motions Submitted to the Court.
Rule 16  Counterclaims and Setoffs.
Rule 17  Representation by Guardian Ad Litem.
Rule 18  Substitution of Parties.
Rule 19  Withdrawal of Counsel.
Rule 20  Consolidation and Separation of Trials.
Rule 21  Subpoenas.
Rule 22  Mistrial.
Rule 23  Default Judgments and Dismissals.
Rule 24  Post-Judgment Actions.
Rule 25  Enforcement of Judgments.
Rule 26  Contempt of Court.
Rule 27  Civil Appeals from Justice Court.

# RULES OF JUSTICE COURT

[Adopted effective May 1, 1995; amended effective July 1, 2017; amended effective July 1, 2020]

GENERAL RULES

## RULE 1    SCOPE OF RULES

(a) These are the Rules of Justice Court and may be cited as RJC: e.g., RJC 1. They shall govern procedures in justice courts. Rules 1-10 shall be applicable to all cases, whether civil or criminal in nature. Rules 11-27 shall only be applicable to civil cases. The Mississippi Rules of Criminal Procedure shall apply to all criminal cases before the justice courts and shall supersede any conflicting provision of these rules.

(b) No rule of procedure, local or otherwise, shall be adopted without the approval of the Mississippi Supreme Court. *See* MRCrP 1.9 (Local Court Rules).

(c) Any person who violates these rules may be subject to sanctions, contempt proceedings, or disciplinary action.

## RULE 2    COURTROOM DECORUM AND SECURITY

The court shall be opened formally and conducted with dignity and decorum at all times. The judge shall wear a judicial robe at all times when presiding in open court. Each officer of the court shall be responsible for promotion of respect for the court. No one shall carry firearms or weapons of any description in the courtroom, except:

(1) the bailiffs;
(2) any necessary guards of a prisoner;
(3) other law enforcement or security authorized by the court to do so; or
(4) the judge if he/she has met the requirements set forth in section 97-37-7 of the Mississippi Code or as provided by applicable law.

In the interest of security, all persons entering the courtroom may be searched. Any or all individuals may be excluded or removed from the courtroom for engaging in disorderly, disruptive, or contemptuous conduct, or when their conduct or presence constitutes a threat or menace to the court, parties, attorneys, witnesses, jurors, officials, members of the public, or a fair trial.

## RULE 3    USE OF CAMERAS, RECORDING, AND BROADCASTING EQUIPMENT

Any attorney of record or self-represented litigant may record or have recorded any justice court proceeding by audiovisual-recording device or stenographically consistent with section 9-13-32 of the Mississippi Code. Any other use of cameras, recording devices, or broadcasting equipment shall be governed by Canon 3B(12) of the Mississippi Code of Judicial Conduct or other applicable rules.

## RULE 4     EX PARTE COMMUNICATIONS

The judge shall not allow any person:

> (1) to discuss in his/her presence the law or facts or alleged facts of any case then pending in the court, or likely to be instituted therein, except as allowed by law in the orderly progress of proceedings under these rules, or
> (2) to influence his/her decision in any manner that is prohibited by these rules or the Mississippi Code of Judicial Conduct.


## RULE 5     COURT RECORDS AND DOCKET

**(a) Clerk's duty to keep papers.** No original record, or any part of a file, record, or court papers, shall be taken from the clerk's custody without the permission of the clerk of the court.

**(b) Docket.** The docket of the court shall at all times remain in the office of the justice court clerk. The clerk shall retain custody of the docket, make all entries thereon, keep it safe, and provide it to the court for examination in the office. The docket may be maintained by computer. Failure of a judge to sign the docket shall not invalidate the actions of the court contained therein.

**(c) Uniform case record.** The judge shall sign the uniform case record of each case pursuant to section 9-11-11 of the Mississippi Code.

**(d) Signing bonds prohibited.** No officer of the court shall sign any bond of any kind in or to any court of this state. Bonds are controlled by statutory procedures.


## RULE 6     CORRECTION OF CLERICAL ERRORS

Upon the motion of any party, or upon the judge's own initiative, the judge may correct clerical errors in any judgments, orders, or other parts of the record after notice to all parties in the case, up until the time a certified copy of the record in the case is transmitted by the clerk to the higher court on appeal.


## RULE 7     RECUSAL OF JUDGES

**(a) Disqualified judge to enter a written order of recusal.** Any justice court judge who is disqualified under Canon 3E of the Mississippi Code of Judicial Conduct from participating in a case shall enter a written order of recusal. Parties and their attorneys may waive a judge's disqualification pursuant to Canon 3F of the Mississippi Code of Judicial Conduct.

**(b) Reassigning case.** If a judge is disqualified from participating in a case, the justice court clerk shall assign the action to another justice court judge of the county to hear the case. If no justice court

6

judge is able to serve because of recusals, or is otherwise unable to serve, then a circuit court judge of the district may appoint any justice court judge from another county to hear the case.

**(c) Reimbursement of expenses.** Any justice court judge assigned or appointed to participate in a case under subdivision (b) of this rule shall be entitled to reimbursement of expenses pursuant to section 25-3-41 of the Mississippi Code and as otherwise allowed by law.

## RULE 8 APPOINTMENT OF INTERPRETER

**(a) Interpreters for the deaf or hearing impaired.** Interpreters for the deaf or hearing impaired shall be appointed pursuant to sections 13-1-301 through 13-1-315 of the Mississippi Code. An appointed interpreter for the deaf or hearing impaired is entitled to reasonable fees and expenses as set forth in section 13-1-315 of the Mississippi Code.

**(b) Foreign language interpreters.** Upon the motion of any party, or upon the judge's own initiative, the judge shall determine whether a foreign language interpreter is needed for a party or witness to ensure the fair administration of justice. Any appointment of a foreign language interpreter shall be pursuant to applicable rules and policies of the Mississippi Supreme Court and the Mississippi Administrative Office of Courts. An appointed foreign language interpreter is entitled to reasonable fees and expenses as set forth in section 9-21-81 of the Mississippi Code.

**(c) Interpreter's oath.** Any interpreter appointed by the court under this rule shall take an oath to make a true translation pursuant to Rule 604 of the Mississippi Rules of Evidence and section 9-21-77 of the Mississippi Code.

## RULE 9 JURY TRIALS

**(a) Statutory right to a jury trial.** A jury trial may be demanded in criminal cases pursuant to section 99-33-9 of the Mississippi Code and in civil actions pursuant section 11-9-143 of the Mississippi Code.

**(b) Summons of jurors.** When a jury trial is demanded pursuant to a statutory right to a jury trial, the justice court clerk shall notify the circuit court clerk who shall issue summonses for a jury in the same manner as for circuit court. The summonses shall be returnable to justice court.

**(c) Procedures in criminal cases.** In criminals cases, the court shall conduct jury trials pursuant to the Mississippi Rules of Criminal Procedure as applicable to justice courts.

**(d) Procedures in civil actions.**

> **(1) Composition of jury.** Juries shall consist of six (6) persons and, in the discretion of the court, an alternate juror. Any person called as a juror for the trial of any cause shall be examined under oath or upon affirmation as to his/her qualifications.

**(2) Voir dire.** Voir dire is the procedure whereby the court and the attorneys or parties ask questions of the venire to ensure the selection of a fair and impartial jury. It shall proceed in the following order:

    (I)      The judge asks questions of the venire;

    (ii)     The plaintiff's attorney or the plaintiff asks questions of the venire; and

    (iii)    The defendant's attorney or the defendant asks questions of the venire.

Individual jurors may be examined only by leave of court upon good cause shown. No hypothetical questions shall be allowed requiring any juror to pledge a particular verdict. Attorneys or parties shall not offer an opinion on the law. The judge may set a reasonable time limit for voir dire.

**(3) Selecting the jury panel.** The jury panel shall be selected, in the order of their appearance on the venire, as follows:

    (I)      The court shall consider all challenges for cause;

    (ii)     The plaintiff's attorney or the plaintiff may use one or both of its peremptory challenges, then tender to the defendant a full panel of accepted jurors;

    (iii)    The defendant's attorney or the defendant may use one or both of its peremptory challenges, then tender to the plaintiff a full panel of accepted jurors; and

    (iv)    Steps (ii) and (iii) of this subdivision are then repeated until a full panel of jurors has been accepted by both sides.

Each side shall have two (2) peremptory challenges. Objections shall be made at the time the panel is tendered to the opposing party. Upon the motion of any party, or upon the judge's own initiative, the judge shall excuse any juror from service in the case if there is reasonable ground to believe that such juror cannot render a fair and impartial verdict.

**(4) Alternate jurors.** Once a jury panel is selected, an alternate juror is selected following the same procedures set forth above for selecting the jury panel, except that each side is only allowed one peremptory challenge. The alternate juror shall take the oath of a juror and hear all evidence and arguments, but may not retire to deliberate the case unless a juror is excused by the court or becomes unable to serve.

**(5) Communications with jurors.** Jurors are not permitted to mix and mingle anywhere in the courthouse with the attorneys, the parties, the witnesses, or spectators. The judge must instruct jurors to avoid all contact with the attorneys, the parties, the witnesses, and any spectators.

**(6) Jury instructions.** Procedures for instructions to the jury shall be consistent with Rule 51 of the Mississippi Rules of Civil Procedure.

**(7) Jury deliberations.** The judge shall:

    (I)      give the jurors, on the record of each trial, the following oath or remind the jurors that they are still under the following oath: "You, and each of

8

you, do solemnly swear (or affirm) that you will well and truly try all issues and execute all writs of inquiry that may be submitted to you, or left to your decision by the court, or under its direction, during the present term, and true verdicts give according to the evidence. So help you God.";

(ii) direct the jury to select one of its members to preside over the deliberations;

(iii) direct the jury to return its verdict in writing to the court; and

(iv) admonish the jurors that, until discharged as jurors in the cause, they may only discuss the case with other members of the jury when convened in the jury room for the purpose of reaching a verdict.

Unless otherwise authorized by the court, the jurors shall not disperse once deliberations have begun. After the jurors have retired to consider their verdict, the judge shall not recall the jurors to hear additional evidence.

**(8) Materials allowed during deliberation.** When retiring for deliberation, the jurors are allowed to take with them:

(I) the form of verdict approved by the court;

(ii) a copy of the written jury instructions;

(iii) any tangible evidence that was admitted at the trial; and

(iv) their personal notes made during the course of the trial.

**(9) Returning the verdict.** The verdict shall be in writing and returned in open court. A verdict of five or more of the jurors shall be taken as the verdict of the jury. Any verdict returned may be appealed pursuant to these rules.

**(10) Jury poll.** After a verdict is returned but before the jury is discharged, the judge shall on the request of either side, or may on his/her own initiative, poll the jurors individually by asking whether the returned verdict is indeed the verdict of the jury. The judge shall direct the jury to retire and deliberate further if the poll reveals that the verdict is less than five of the jurors.

**(11) Court costs.** The judge shall assess court costs of the jury trial to the losing party.


## RULE 10    CONDUCT OF COUNSEL AND PARTIES

**(a) Attendance.** Prompt attendance is required by the attorneys and parties, the witnesses, and all other persons whose presence is required to conduct the business of the court.

**(b) Civility in proceedings.** The attorneys and parties must show professional courtesy and respect toward the judge, the jurors, the opposing attorneys and parties, the witnesses, and all other court personnel and participants within the courthouse. Any person engaging in behavior or tactics purposefully calculated to disrupt the proceedings or to irritate the judge, a party, an attorney, or a witness is subject to contempt.

**(c) Objections.** When addressing the court, the attorneys and parties must:

      (1) stand unless excused for good cause by the court;
      (2) give specific grounds on any objections to testimony; and
      (3) make all objections to the judge, and not to opposing counsel.

**(d) Jury panels.** When addressing the jury panel, the attorneys and parties must stand unless excused for good cause by the court. Attorneys may directly address the jury panel only during voir dire, opening statements, and closing arguments.

**(e) Witnesses.** When examining witnesses, the attorneys and parties must:

      (1) stand, except when excused for good cause by the court;
      (2) limit themselves to asking questions; and
      (3) refrain from making statements, quips, or side remarks.

Any examination of witnesses is to be conducted fairly and objectively, with the attorneys, parties, and witnesses showing courtesy and respect to one another. Attorneys and parties may not ask questions merely to embarrass or humiliate the witness.

**(f) Opening statements / Closing arguments.** When making an opening statement or closing argument, the attorneys and parties must:

      (1) not denigrate or ridicule the opposing attorney;
      (2) not call any juror by name;
      (3) not have any personal contact with the jury whatsoever;
      (4) not attempt to converse with or solicit audible answers from the jurors individually; and
      (5) not thank the jury for acting as jurors.

The attorneys and parties are required to keep within proper bounds, and any attempt to inject an improper matter may be stopped by the court without the necessity of an objection. After the return of the verdict, the attorneys, the parties, and any spectators shall not express to the jury any congratulations, thanks, or condemnation for the verdict returned.

CIVIL RULES

## RULE 11    FORM OF ACTION

There shall be one form of action known as "civil action."

## RULE 12     COMMENCEMENT OF CIVIL ACTION

(a) A civil action is commenced by filing the complaint with the court. The complaint shall state the evidence of the debt, statement of account, or other basis for the civil action and make a specific demand for damages and/or other relief allowed by law. If a claim is founded on an account or other written instrument, a copy thereof should be attached to or filed with the complaint unless sufficient justification for its omission is stated in the complaint. The plaintiff may file a single complaint against multiple defendants if it is alleged that each of them is liable on the claim.

(b) **Exceptions.** The following civil actions require a sworn complaint:

> (1) Evictions (Miss. Code Ann. § 89-7-29);
> (2) Replevin (Miss. Code Ann. § 11-37-101);
> (3) Distress for rents (Miss. Code Ann. § 89-7-57);
> (4) Unlawful entry and detainer (Miss. Code Ann. § 11-25-5); and
> (5) Any other civil action requiring a sworn complaint by statutory procedures.


## RULE 13     COMPUTATION OF TIME

In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the date of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or any other day that the courthouse or the clerk's office is in fact closed, whether with or without legal authority, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, a legal holiday, or any other day when the courthouse or clerk's office is closed. When the period of time prescribed or allowed is less than seven (7) days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. The court, in its discretion, may grant an extension of time.


## RULE 14     SERVICE OF PROCESS

(a) **Service of process defined.** Service of process for civil actions in justice court means serving a true copy of the summons and complaint upon the defendant in accordance with this rule.

(b) **Issuance of summons and form.** Summons shall be issued by the justice court clerk. Any summons issued under this rule shall name the court and the parties; be directed to the defendant; state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff; state the date and time within which the defendant must appear and defend; notify the defendant that a failure to appear and defend may result in a default judgment against the defendant for the relief demanded in the complaint; be signed and dated by the justice court clerk; and bear the court's seal.

(c) **SERVICE BY CONSTABLE.** Upon the filing of the complaint, the justice court clerk shall promptly deliver a true copy of the summons and complaint to the constable of the county of the defendant's usual place of abode or, if the defendant is an entity, to the constable of the county of

the entity's place of business, to serve process upon the defendant. Within ten (10) days thereafter, unless service has been waived, the constable shall file an affidavit showing proof of service, or of attempted service after diligent search and inquiry pursuant to section 25-7-27 of the Mississippi Code, with the justice court clerk.

**(d) Manner of service upon an individual.**

(1) *Personal service.* The constable shall deliver a true copy of the summons and complaint to the defendant or to an agent authorized by appointment or by law to receive process. Service shall be deemed complete upon the date of service.

(2) *Service upon a family member.* If service under paragraph (d)(1) cannot be made with reasonable diligence, then the constable shall deliver a true copy of the summons and complaint at the defendant's usual place of abode with the defendant's spouse or some other person of the defendant's family above the age of sixteen (16) years, and within three (3) days thereafter, by mailing a true copy of the summons and complaint, by first class mail, postage prepaid, to the defendant at the address where the true copy of the summons and complaint were properly delivered. Service shall be deemed complete on the 10th day after the mailing.

(3) *Service by posting.* If service under paragraphs (d)(1) and (d)(2) cannot be made with reasonable diligence, then the constable shall serve process by posting a true copy of the summons and complaint on a door of the defendant's usual place of abode that is reasonably calculated to provide notice of the action and, within three (3) days thereafter, by mailing a true copy of the summons and complaint, by first class mail, postage prepaid, to the defendant at the address where the true copy of the summons and complaint was posted. Service shall be deemed complete on the 10th day after the mailing.

**(e) Manner of service upon all others.** The constable shall serve process in the manner provided by Rule 4 of the Mississippi Rules of Civil Procedure for mentally incompetent persons or entities located in the state.

**(f) SERVICE BY SHERIFF.** When any process has not been returned by the constable as required by this rule, then the justice court clerk may direct the sheriff of the county of the defendant's usual place of abode or, if the defendant is an entity, to the sheriff of the county of the entity's place of business, to serve process upon the defendant in like manner as required of a constable under this rule.

**(g) SERVICE BY PROCESS SERVER.** When any process has not been returned by the constable as required by this rule, the plaintiff may make a written request for service by a process server. Upon receiving a written request, the justice court clerk shall promptly deliver a true copy of the summons and complaint to the plaintiff or the plaintiff's attorney for service of process by a process server in like manner as required of a constable under this rule. The process server must be at least eighteen (18) years of age and not be a party to the action.

**(h) Service by certified mail, return receipt requested, upon persons or entities located outside the state.** When the defendant is a person or entity located outside the state, the plaintiff may make a written request for service by certified mail, return receipt requested. Upon receiving a written request, the justice court clerk shall promptly deliver a true copy of the summons and complaint to the plaintiff or the plaintiff's attorney for service of process by certified mail, return receipt requested. Within twenty (20) days thereafter, the sender shall file with the justice court clerk the return receipt or the return envelope marked "Refused." Where the defendant is a natural person, the envelope shall be marked "Restricted Delivery." Service of process by this method shall be deemed complete from the date of delivery as evidenced by the return receipt or the return envelope marked "Refused."

**(I) Service upon multiple defendants.** If there are multiple defendants, then a separate true copy of the summons and complaint shall be served on each defendant named in the action.

**(j) Validity of service.** Nothing in this rule shall invalidate any service of process for being made untimely or for an untimely filed return.

**(k) Waiver.** Any defendant who is not a mentally incompetent person may waive the service of process or enter an appearance, with the effect of being duly served with lawful process, in the manner provided under Rule 4(e) of the Mississippi Rules of Civil Procedure.

**(l) Amendment.** The justice court judge may allow any service of process or proof of service under this rule to be amended for good cause shown, unless it clearly appears that material prejudice would result to the substantial rights of the defendant.

**(m) Time limit for service.** The justice court judge may dismiss without prejudice any action where, without good cause, it appears from the court file that service of process has not been made upon the defendant within one hundred and twenty (120) days after the filing of the complaint. A party may file a motion for enlargement of time any time prior to a dismissal by the court.

**(n) Fees for service of process.**

(1) *By constable.* Service of process by the constable may be taxed as court costs for an amount not exceeding the statutory amount allowed by law. No fees for service shall be paid to a constable who has neither served nor attempted to serve process in substantial compliance to this rule.

(2) *By sheriff.* Service of process by the sheriff may be taxed as court costs for an amount not exceeding the statutory amount allowed by law. No fees for service shall be paid to a sheriff who has neither served nor attempted to serve process in substantial compliance to this rule.

(3) *By process server.* Service of process by a process server may be taxed as court costs for an amount not exceeding the statutory amount allowed by law to the constable for service of process.

(4) *By certified mail, return receipt requested.* Service of process by certified mail, return receipt requested, on a person or entity located outside the state may be taxed as court costs for an amount not exceeding the amount of postage for the mailing.

## RULE 15    PLEADINGS AND MOTIONS SUBMITTED TO THE COURT

**(a) Pleadings and motions to be signed.** All pleadings, motions, or any other application to the court shall be signed by the party making the submission or, if represented by counsel, by the attorney of record.

**(b) Information to be provided.** All pleadings, motions, or any other application to the court shall bear the name, address, and telephone number of the party filing the same and, if any attorney is representing the party, the attorney's name, office address, and telephone number.

**(c) Size of paper.** All pleadings and other papers filed in any civil action governed by these rules shall be on paper measuring 8 ½ inches x 11 inches. But exhibits or attachments to pleadings may be folded and fastened to pages of the specified size if compliance is not reasonably practicable.

**(d) Electronic filing and storage.** Pleadings, motions, or any other application to the court may be filed and stored by computer or electronic means pursuant to rules and policies established by the Mississippi Supreme Court and the Mississippi Administrative Office of Courts.

## RULE 16    COUNTERCLAIMS AND SETOFFS

Counterclaims and setoffs shall be liberally allowed by the court. Failure to assert any counterclaim or setoff shall not bar a subsequent civil action of those claims. The judge shall dismiss without prejudice any counterclaim that exceeds the jurisdictional limits of justice court.

## RULE 17    REPRESENTATION BY GUARDIAN AD LITEM

The judge may appoint a guardian ad litem who is an attorney to represent an infant or a vulnerable person as defined under section 43-47-5 of the Mississippi Code. The appointed guardian ad litem may sue or defend the civil action on behalf of such persons. Reasonable costs and fees of the guardian ad litem may be taxed as court costs.

## RULE 18    SUBSTITUTION OF PARTIES

**(a) If a party dies.** If a party dies and the claim is not thereby extinguished, the successors or representatives of the deceased party may file, within ninety (90) days of the party's death, a motion for the substitution of parties. The judge may dismiss without prejudice the action if the motion for substitution of parties is not filed timely.

In the event of the death of one or more of the plaintiffs or of one or more of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action does not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties.

**(b) If a party is a minor or vulnerable person.** Upon the motion of any party, the judge may allow a civil action to be continued by or against a representative of a party who is a minor as defined under section 1-3-27 of the Mississippi Code or a vulnerable person as defined under section 43-47-5 of the Mississippi Code.

**(c) If there is a transfer of interest.** Upon the motion of any party, the judge may direct that the person to whom the interest was transferred be substituted for, or joined with, the original party in the civil action.

**(d) If a party is a public officer who dies or resigns in office.** A civil action shall not abate if a party is a public officer acting in his/her official capacity who dies, resigns, or otherwise ceases to hold office. Instead, the public officer's successor shall be substituted as a party. The judge may enter an order of substitution at any time in the course of the action, but its omission shall not affect the substitution.

## RULE 19     WITHDRAWAL OF COUNSEL

An attorney who has made an entry of appearance may not withdraw from the case except with the permission of the court upon a showing of good cause after notice of withdrawal has been served on the attorney's client and upon all parties. Permission to withdraw shall not be unreasonably denied.

## RULE 20     CONSOLIDATION AND SEPARATION OF TRIALS

**(a) Consolidating actions.** When two or more civil actions with a common question of law or fact are pending before the court, the judge may:

> (1) order a joint hearing or trial of any or all matters pertaining to the common question of law or fact;
> (2) order all the actions consolidated for trial; or
> (3) make such orders concerning proceedings on the action so as to avoid unnecessary costs or delay.

**(b) Separate trials.** The judge may order a separate trial of any claim in a civil action for reasons of:

> (1) avoiding prejudice;
> (2) expediting the resolution of claims in the action; or
> (3) economical considerations neutral to the litigation.

## RULE 21    SUBPOENAS

**(a) Generally.** Subpoenas for a trial or hearing in justice court shall conform to Rule 45 of the Mississippi Rules of Civil Procedure.

**(b) Requests.** Every request for a subpoena of a witness in a civil action shall:

(1) be in writing;
(2) contain the mailing and physical addresses of the witness and other information so as to furnish a sure guide to the person serving the subpoena;
(3) be delivered to the justice court clerk in a reasonable time before the trial date; and
(4) be signed and dated by the party requesting the subpoena.

The justice court clerk shall preserve each written request for subpoena within the court file.

**(c) Issuance.** Every subpoena in civil actions shall:

(1) be issued by the justice court clerk under the seal of the justice court;
(2) state the name and address of the court and the title of the action; and
(3) command each person to whom it is directed to attend and give testimony at a specified date, time, and place, and to bring to the hearing specified books, papers, documents, or other objects in the control and possession of the witness that are to be offered into evidence.

**(d) Service.** A subpoena in civil actions shall be served upon the witness personally by:

(1) the sheriff;
(2) the deputy sheriff;
(3) a constable; or
(4) any other person who is not a party and eighteen (18) years of age or older.

The endorsed return, or a written acknowledgment on the subpoena by the witness, shall be prima facie proof of service. A subpoena requiring the attendance of a witness at a hearing or trial may be served at any place within the state.

**(e) Enforcement.** The judge may enforce a subpoena in civil actions by any means allowed by the Mississippi Code, including the issuance of an attachment pursuant to section 11-9-115 of the Mississippi Code, or these rules.


## RULE 22    MISTRIAL

**(a) For misconduct by the defendant.** Upon motion of the plaintiff, the judge shall declare a mistrial if there occurs during the trial misconduct by the defendant, the defendant's attorney, or a defendant's witness resulting in substantial and irreparable prejudice to the plaintiff's action. But if there are two or more defendants, the judge shall not declare a mistrial as to any defendant who is not an offending party and who requests that the trial continue.

16

**(b) For misconduct by the plaintiff.** Upon motion of the defendant, the judge shall declare a mistrial if there occurs during the trial misconduct by the plaintiff or a plaintiff's witness resulting in substantial and irreparable prejudice to the defense.

**(c) Other reasons for declaring a mistrial.** Upon motion of any party, or upon the judge's own initiative, the judge shall declare a mistrial if:

> (1) the trial cannot proceed in conformity with law; or
> (2) the jury is deadlocked and there is no reasonable probability of a verdict.

## RULE 23    DEFAULT JUDGMENTS AND DISMISSALS

**(a) When the defendant fails to appear for trial.** If the defendant has been given proper notice of the date and time of trial but fails to appear, and the plaintiff appears, then the judge may enter a default judgment against the defendant provided:

> (1) there is a factual basis to support the claim; and
> (2) the judgment is not different in kind from or does not exceed the amount of that demanded in the complaint.

**(b) When the plaintiff fails to appear for trial.** If the plaintiff has been given proper notice of the date and time of trial but fails to appear on the trial date, and the defendant appears, then the judge may dismiss the case without prejudice.

**(c) When both the plaintiff and defendant fail to appear for trial.** If both the plaintiff and the defendant fail to appear on the trial date, then the judge may dismiss the case without prejudice.

**(d) When the plaintiff files a motion for dismissal.** If the plaintiff files prior to any responsive pleading or trial a written motion for the dismissal of the case, then the judge may dismiss the case without prejudice unless objected to by the defendant. Plaintiff's costs shall not be assessed against the defendant.

**(e) Setting aside a default judgment.** Unless an appeal has been perfected pursuant to these rules, a party may request the court to set aside a default judgment. Thereupon, the judge may stay the execution of the default judgment pending a hearing on the motion. After a hearing in which the parties to the action have been given notice and an opportunity to be heard, the judge may set aside the default judgment by written order as may be just and proper if he/she determines that good cause has been shown to support such order. In making this determination, the judge must weigh the following factors:

> (1) the nature and legitimacy of the party's reasons for default,
> (2) whether the party's claims or defenses have reasonable merit, and
> (3) the nature and extent of prejudice that the opposing party would suffer if the default judgment is set aside.

## RULE 24     POST-JUDGMENT ACTIONS

Unless authorized by law, no post-judgment action shall be instituted upon a judgment until expiration of ten (10) days after its entry.

## RULE 25     ENFORCEMENT OF JUDGMENTS

**(a) Statutory procedures to govern.** Procedures to enforce a civil judgment shall be pursuant to the Mississippi Code and any applicable rules and policies of the Mississippi Supreme Court and the Administrative Office of Courts.

**(b) Examining books, papers, and documents of judgment debtor.** The judgment creditor may examine the judgment debtor and his/her books, papers, or documents pursuant to sections 13-1-261 through 13-1-271 of the Mississippi Code.

## RULE 26     CONTEMPT OF COURT

Procedures in civil actions for contempt of court shall conform to Rule 32 of the Mississippi Rules of Criminal Procedure.

## RULE 27     CIVIL APPEALS FROM JUSTICE COURT

**(a)** Civil appeals from justice court shall be governed by Rules 5.01, 5.04, 5.07, 5.08 and 5.09 of the Uniform Rules of Circuit and County Court. Either party aggrieved by a justice court judgment rendered in a case of unlawful entry and detainer may, after final judgment, appeal to the circuit court of the county pursuant to section 11-51-83 of the Mississippi Code. The availability of writs of certiorari shall be as provided by the Mississippi Constitution and section 11-51-93 of the Mississippi Code.

**(b) Exception.** Any party aggrieved by the decision of a justice court judge to issue a temporary domestic abuse protection order has the right of a trial de novo on appeal in the chancery court having jurisdiction pursuant to section 93-21-15.1 of the Mississippi Code.